UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI

UNITED STATES OF AMERICA

V.                                                    CRIMINAL NO. 1:19-CR-00089-GHD-DAS

CODY PATRICK GRAY                                                              DEFENDANT

---

## OPINION

---

This matter is before the Court on Defendant Cody Patrick Gray's motion to suppress evidence and dismiss the indictment [Doc. Nos. 15, 28].

On June 20, 2019, Gray was indicted as a prior convicted felon for possession of firearms and for possession of unregistered weapon silencers [1]. The evidence that is listed in the indictment was seized from Gray during a traffic safety checkpoint conducted by the Tishomingo County Sheriff's Department on February 1, 2019, on the Natchez Trace Parkway in Tishomingo County, Mississippi. Gray challenges the constitutionality of the checkpoint and the search and moves to suppress the evidence that was obtained from it.

The Court held a hearing on November 19, 2019, and received briefs from both Gray and the United States. For the reasons set forth below, the Court holds that Gray's motions should be denied and that the subject evidence should not be suppressed.

### I. Standard of Review

Generally, on a motion to suppress, the defendant has the burden of proving, by a preponderance of the evidence, that the evidence in question was obtained in violation of his constitutional rights. *United States v. Guerrero-Barajas*, 240 F.3d 428, 432 (5th Cir. 2001). However, "[w]hen the government searches or seizes a defendant without a warrant, the government bears the burden of proving, by a preponderance of the evidence, that the search or seizure was constitutional." *Id.* Accordingly, because the search in question in the

case *sub judice* was a warrantless search, the government bears the burden of proving that the search was constitutional.

"[C]redibility determinations and the resolution of conflicting testimony at a suppression hearing are the responsibility of the district court as trier of fact." *United States v. Turner*, 628 F.2d 461, 465 (5th Cir. 1980). "In an evidentiary hearing, the Court sits as a finder of fact and must resolve all disputed issues." *United States v. Lopez*, 817 F. Supp. 2d 918, 919 fn.2 (S.D. Miss. 2011) (citing *United States v. Willis*, 525 F.2d 657, 659 (5th Cir. 1976)). In conducting a suppression hearing, the court is not bound by the Federal Rules of Evidence. Fed. R. Evid. 104(a); see *United States v. Posado*, 57 F.3d 428, 435 (5th Cir. 1995) ("We have consistently held that the rules of evidence are relaxed in pretrial suppression hearings.").

## II.  Factual Background

On February 1, 2019, the Tishomingo County Sheriff's Department established a safety checkpoint on the Natchez Trace Parkway in Tishomingo County. The checkpoint was authorized and established by the Captain of Patrol for the Department, Deputy Brian Glover, involved him and three other Tishomingo County Sheriff's Deputies, and was in place from approximately 3:50 p.m. until 7:30 p.m. At the checkpoint, the four officers stopped all oncoming vehicles, checked driver's licenses and insurance with respect to each stopped vehicle, and made sure that vehicle occupants were wearing a seatbelt. During the duration of the checkpoint, at least three arrests were made, including of Gray, and at least two other vehicles received citations.

Gray approached the checkpoint at approximately 5:45 p.m. Deputy Jeremy Clark approached Gray's vehicle and asked Gray for his driver's license and vehicle registration,

while Deputy Glover, the on-scene supervisor, approached the vehicle on the passenger side. Gray was unable to produce his driver's license but provided Deputy Clark with his driver's license number. During the stop, Deputy Glover observed a rifle with an attached silencer in plain view on the backseat of Gray's vehicle. Gray admitted to the officers that he is a prior convicted felon, which they verified. Gray was then arrested as a prior convicted felon in possession of a firearm, and his vehicle was searched. As a result of the search, two other firearms and another silencer were discovered. Gray was subsequently indicted for possession of the firearms and unregistered silencers [1].

### III. Analysis

Traffic checkpoints are seizures implicating the Fourth Amendment. *Michigan Dep't of State Police v. Sitz*, 496 U.S. 444, 450, 455 (1990); see also *United States v. Martinez–Fuerte*, 428 U.S. 543, 566–67 (1976) ("It is agreed that checkpoint stops are 'seizures' within the meaning of the Fourth Amendment."). While roadblock or checkpoint traffic stops are seizures within the meaning of the Fourth Amendment, checkpoints which stop all oncoming vehicles with the purpose of checking for traffic violations are permissible. *United States v. Atkinson*, 248 F.3d 1139 (5th Cir. 2001); see *Indianapolis v. Edmond*, 531 U.S. 32 (2000).

When there is an argument that a checkpoint stop amounted to an impermissible search and seizure under the Fourth Amendment, the analysis first set forth by the Supreme Court in *Delaware v. Prouse*, 440 U.S. 648, 663 (1979), is implicated. In *Prouse*, the Court invalidated a discretionary, suspicionless stop for a spot check of a single motorist's license and registration; however, the Court indicated that "[q]uestioning of all oncoming traffic at roadblock-type stops" to verify driver's licenses and registrations would be a lawful means of furthering the state's vital interest in highway safety. *Id.;* see also *City of Indianapolis v. Edmond*, 531 U.S. 32, 39 (2000)

(noting same). In addition, in Mississippi, roadblocks or checkpoints where all incoming traffic is stopped for a driver's license check have been found permissible under the Fourth Amendment. *Miller v. State,* 373 So.2d 1004, 1005 (Miss.1979); *Collins v. Ainsworth,* 382 F.3d 529, 538 (5th Cir. 2004). The Supreme Court, in *Brown v. Texas,* 443 U.S. 47 (1979), further articulated the balancing test used to determine the reasonableness of warrantless checkpoint stops: "Consideration of the constitutionality of such seizures involves a weighing of the gravity of the public concerns served by the seizures, the degree to which the seizure advances the public interest, and the severity of the interference with individual liberty." *Id.* at 50–51. In other words, the checkpoint will be subject to a balancing test to determine whether it is constitutionally permissible - weighing the public interest, if any, advanced by the checkpoint against the Defendant's protected privacy and liberty interests. *Collins,* 382 F.3d at 537–39.

In the case *sub judice,* Deputy Glover, who as the Captain of Patrol was the Departmental supervisor who authorized, established, and participated in the checkpoint, testified that the subject checkpoint stopped all vehicles that passed and was established in order to check for driver's licenses, insurance, and to ensure vehicle safety. Because Gray did not present any evidence to contradict this testimony, the Court finds that the checkpoint was properly authorized and was established for a permissible purpose - the checkpoint was properly authorized and established by a supervisory officer, Deputy Glover; was operated in a manner consistent with the public interest in enforcing licensing, insurance, and motor vehicle laws; and properly limited the on-site officers' discretion because every vehicle that approached the checkpoint was stopped.

In addition, the Court finds that brief nature of the stop at the checkpoint for the limited purpose of verifying drivers' licenses, proof of insurance, and for safety observation was a reasonable intrusion into the passing motorists' protected privacy and liberty interests. *Atkinson,*

248 F.3d 1139 (5th Cir. 2001). The stop of the Defendant lasted only a few moments before Deputy Glover observed a rifle with an attached silencer in plain view on the back seat of the vehicle; the Defendant's subsequent admission that he was a convicted felon then provided the officers with the necessary probable cause to search Gray's vehicle. *United States* v. *Edwards*, 577 F.2d 883,895 (5th Cir. 1978) (en banc) (holding that "[i]t is well-settled that probable cause to search an automobile exists when trustworthy facts and circumstances within the officer's personal knowledge would cause a reasonably prudent man to believe that the vehicle contains contraband."). Gray stated to Deputy Glover that he was a convicted felon after Glover noticed the rifle with silencer in plain view on the back seat of Glover's vehicle. Thus, Glover knew that Gray was illegally possessing a firearm in the vehicle, thereby providing Glover with knowledge that Gray was engaged in criminal activity and permitting the officers to expand the scope of the stop and to search Gray's vehicle. During the search, additional firearms and another weapon silencer were discovered; Gray was subsequently indicted for possessing the weapons and the unregistered silencers [1].

Accordingly, the Court finds that the February 1, 2019, traffic checkpoint was constitutionally permissible and properly authorized and conducted. The Court further finds that the search of Gray's vehicle was constitutionally permissible. Gray's motion to suppress the evidence discovered during the search, as well as his motion to dismiss the indictment based on the suppression of that evidence, shall therefore be denied.

IV. **Conclusion**

For these reasons the Court finds that the United States has proven by a preponderance of the evidence that the subject checkpoint and search that occurred on February 1, 2019, was constitutional. Accordingly, Gray's motion to suppress and motion to dismiss shall be

denied.

An order in accordance with this opinion shall issue this day.

This, the 21st day of November, 2019.

/s/ Glen H. Davidson
SENIOR U.S. DISTRICT JUDGE